UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

DWAYNE JONES,

                  Petitioner,

           -against-

P. CHAPPIUS, JR., Superintendent,

                Respondent.

------------------------------------x

**MEMORANDUM & ORDER**
17-CV-4064(EK)

ERIC KOMITEE, United States District Judge:

      Petitioner Dwayne Jones, proceeding *pro se*, filed a
petition for a writ of habeas corpus in May 2017, challenging
his 2012 conviction in New York State Supreme Court.  Because
Petitioner has not complied with Rule 2(c) of the Rules
Governing Section 2254 Cases in the United States District
Courts despite the Court's repeated requests, the petition is
dismissed.

## I.   Background

      Jones was convicted of first-degree robbery, criminal
possession of a weapon, and related charges in connection with
two robberies.  *See* Petition, ECF No. 1.  He appealed his
conviction.  The Appellate Division, Second Department, affirmed
his conviction in September 2015, and the New York Court of

Appeals denied leave to appeal in April 2016. *Id.* This habeas petition followed.

The petition was submitted on a pre-printed form for *pro se* petitioners entitled "Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus." *See* Petition, ECF No. 1. The petition does not state the grounds on which Petitioner is seeking habeas relief — the section provided for that information is left blank. *See id.* at 7-8. Instead, it states only the grounds on which Petitioner appealed his conviction in state court. *Id.* at 2. Petitioner also attached the Decision and Order of the Appellate Division dated September 23, 2015. *See id.* at 10-11.

On December 11, 2020, I issued an order noting that Petitioner's habeas petition did not adequately state grounds for habeas relief, and directed him to submit an amended petition that complies with Rule 2(c) on or before February 1, 2021. ECF No. 17.

Petitioner did not amend his petition. Instead, on January 14, 2021, he filed a motion to stay to permit him to seek post-conviction relief in state court under N.Y. C.P.L. § 440.10. ECF No. 18. The stay motion was denied.

On March 19, 2021, I granted Petitioner a final opportunity to amend his petition by April 9, 2021 if he still wished to pursue habeas relief. In that Order, Petitioner was

warned that if he did not comply, the petition would be dismissed.  Petitioner once again did not file an amended petition, nor did he request another extension of time.

## II.  Discussion

A motion under 28 U.S.C. § 2254 must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts (2010); *Mayle v. Felix*, 545 U.S. 644, 656 (2005) ("Notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error.").  The petition "must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated."  *Jhagroo v. Immigration Court*, No. 19-CV-3689, 2019 WL 6051444, at *3 (S.D.N.Y. Nov. 13, 2019).  Although the Court is obliged to construe *pro se* pleadings liberally, a *pro se* petitioner is not exempt "from compliance with relevant rules of procedural and substantive law."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal citation omitted); *see Jhagroo*, 2019 WL 6051444, at *1 (applying *Triestman* to *pro se* petition for a writ of habeas corpus).

The Advisory Committee Notes to the Rules Governing Section 2254 Cases provide that a court may dismiss a petition for a writ of habeas corpus on its own motion pursuant to Rule 4. Rule 4, Fed. R. Governing § 2254 Cases, Advisory Committee Notes; *see also, e.g.*, *McNally v. O'Flynn*, No. 10-CV-00921, 2012 WL 3230439, at *3 (W.D.N.Y. Aug. 6, 2012) (dismissing habeas petition under Rule 4). And petitions that do not specify a claim for relief are subject to dismissal. *E.g.*, *Ball v. Superintendent*, No. 18-CV-1356, 2019 WL 2636140, at *2 (N.D.N.Y. June 27, 2019) (dismissing habeas petition where petitioner declined to amend to state a claim for relief, despite a warning that petition would be dismissed); *Jones v. United States*, No. 7-CV-3222 (E.D.N.Y. Oct. 23, 2007) (same).

Here, Petitioner has repeatedly declined the Court's directives to amend the petition. The Court will not speculate as to what claims Petitioner is advancing, the grounds upon which his arguments are based, or the supporting facts upon which he relies. Accordingly, dismissal is appropriate at this stage.

### III. Conclusion

Dwayne Jones's petition for a writ of habeas corpus is dismissed.  No Certificate of Appealability shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right," as 28 U.S.C. § 2253(c)(2) requires.  The Clerk of Court is respectfully directed to serve a copy of this Order on Petitioner in accordance with the Local Rules and close this case.


SO ORDERED.


 /s/ Eric Komitee                    
ERIC KOMITEE
United States District Judge


Dated:    July 1, 2021
          Brooklyn, New York